

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
~~COURT CAN ADD~~DIVISION

**FILED**

FEB 2 4 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PATTY JONES, | § |
| PLAINTIFF, | § |
| | § |
| V. | § |
| | § |
| LAMAR COUNTY, SHERIFF | § |
| SCOTT CASS, DEPUTY  ANSON | § |
| AMIS, T BUSSELL, P | § |
| EASTERWOOD, COURTNEY | § |
| WOMACK, HAYLEY RECORD, | § |
| AND BRODERICK FRANKLIN, | § |
| DEFENDANTS. | |

CIVIL CASE NO   4:21cv156-SDJ-CAN

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Patty Jones ("Plaintiff" or "Ms. Jones") files this Original Petition against Defendants, Lamar County, Sheriff Scott Cass ("Sheriff Cass"), Deputy  Anson Amis ("deputy Amis"), T Bussell, P Easterwood, Courtney Womack, Hayley Record and Broderick Franklin, Hayley Record and Broderick Franklin in support thereof show as follows:

## I. INTRODUCTION

1.    The Lamar Sheriff Department broke into Plaintiff Ms. Jones's apartment and shoved a gun in her brother's face. Defendant Anson Amiss entered the bathroom while Plaintiff was on the toilet and threw her to the ground. Plaintiff was nude with her shirt

open and did not allow her to close her shirt and put her pants on.

2.      He sexually assaulted her by grabbing her breast and other body parts.

3.      The defendants falsified statements in order to effectuate securing a warrant from the Lamar County judge, Cindy Ruthart. She initiated the warrant based on failing to investigate statements made by Hayley Record.

4.      Lamar County denied her request for her case information. She has never found the judge who issued the warrant.

5.      They claim she resisted arrest, but she said she knows better than that. She has lupus.

6.      Another deputy placed both hands on her breast. He also shoved her Mom.

### III. PARTIES

7.      Plaintiff, Patty Jones, is an individual residing in Lamar County, Texas.

8.      Defendant, Lamar County, is a municipality located in Texas.  It may be served with citation through the County Judge.

9.      Defendant, Sheriff Scott Cass, is an individual who may be served with citation at 1200 Baker Street, Houston, Texas 77002, or wherever he may be found.  He is being sued in his individual capacity; at all times relevant to this case, he acted under the color of law.

10.     Defendant, Deputy T Bussell, is an individual who may be served with citation at 125 Brown Ave. Paris, Texas 75460, or wherever he may be found. He is being sued in

his individual capacity; at all times relevant to this case, he acted under the color of law.

11.    Defendant, Deputy P Easterwood, is an individual who may be served with citation at 125 Brown Ave. Paris, Texas 75460, or wherever he may be found. He is being sued in his individual capacity; at all times relevant to this case, he acted under the color of law.

12.    Defendant, Deputy Courtney Womack, is an individual who may be served with citation at 125 Brown Ave. Paris, Texas 75460, or wherever he may be found. He is being sued in his individual capacity; at all times relevant to this case, he acted under the color of law.

13.    Defendant, Deputy _____, is an individual who may be served with citation at 125 Brown Ave. Paris, Texas 75460, or wherever he may be found. He is being sued in his individual capacity; at all times relevant to this case, he acted under the color of law.

14.    Defendant, __ADD NAME OF ANY MISSING DEPUTY__ , is an individual who may be served with citation at 125 Brown Ave. Paris, Texas 75460, or wherever he may be found. He is being sued in his individual capacity; at all times relevant to this case, he acted under the color of law.

15.    Defendant, __ADD NAME OF ANY MISSING DEFENDANT__, is an individual who may be served with citation at wherever he may be found.

16.    Defendant, __ADD NAME OF ANY MISSING DEFENDANT__ is an individual who may be

served with citation at wherever he may be found.

17.     Defendant Hayley Record is an individual who may be served with citation at wherever he may be found.

18.     Defendant Broderick Franklin is an individual who may be served with citation at wherever he may be found.

## IV. JURISDICTION AND VENUE

19.     This Court has jurisdiction over defendants because they are citizens of the State of Texas. They engaged in a concerted wrongful activity, which is the subject of this lawsuit. Further, Lamar County does business in the State of Texas and is therefore subject to the jurisdiction of the State of Texas.

20.     Plaintiff seeks monetary relief up to $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiff deems himself entitled.

21.     Venue is proper in The Eastern District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Lamar County.

## V. FACTUAL BACKGROUND

22.     This is an action brought by Ms. Jones against Defendants for Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 for claims of illegal search

and seizure under the fourth amendment and failure to train or supervise.

23.    On February 28, 2019, Plaintiff Patty Jones was at home and was not committing any crime, resisting arrest, or a threat to officers or anyone else when her fourth amendment rights were violated.

24.    Defendants' acts and omissions proximately caused Ms. Jones's injuries.

## VI.  CAUSES OF ACTION

### 42 U.S.C. § 1983 Fourth and Fourteenth Amendments

25.    Plaintiff incorporates by reference all preceding paragraphs contained herein.

26.    This suit is brought pursuant to 42 U.S.C. § 1983, which is entitled the Civil Rights Act. The critical language of the Civil Rights Act sets forth, in part:

27.    "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity or other proper proceeding for redress." Fourteenth and Fourth Amendments: Due Process, Unlawful Search, Seizure, and Detention.

28.    Defendants acted under the color of law when Ms. Jones, a pre-trial detainee, rights were violated due to the policies, practices, and customs of Lamar County and Sheriff Cass.  Ms. Jones was injured as a direct result of the acts or omissions by the

Defendants.

29.     Those acts or omissions violated Jones's constitutional rights.

30.     Sheriff Cass is the policymaker for Lamar County and is responsible for its inmates' custody and training and supervision and supervision of Lamar County Sheriff deputy officers.

31.     Sheriff Cass is being sued in his individual capacity.

32.     Sheriff Cass was aware there would be instances where his deputies may encounter citizens of the opposite sex and should respond appropriately and not with a violation of bodliy integraty of citizens.

33.     Sheriff Cass was personally involved in the constitutional deprivation of Ms. Jones because he was responsible for each of his deputies' training.

***Illegal Seizure, False Imprisonment***

34.     Plaintiff incorporates by reference all paragraphs contained herein.

35.     Defendants willfully detained Ms. Jones.

36.     Defendants directly restrained Ms. Jones from her physical liberty without adequate justification.

37.     Lamar County was deliberately indifferent to the needs and constitutional rights of Joness when it developed and instituted its policy on how duties are to interact with Jones in situations similar to the one forming the basis of this suit.

***Failure to Train or Supervise by Lamar County and Sheriff Scott Cass***

38.    Plaintiff incorporates by reference all preceding paragraphs contained herein.

39.    At all times relevant hereto, all of Ms. Jones's inalienable and fundamental liberty interests were protected by the Constitution.

40.    Lamar County Sheriff Scott Cass is the policymaker for Lamar County Law Enforcement.

41.    Sheriff Scott Cass is responsible for the supervision and training of his deputy officers.

42.    Lamar County Deputy deputies violated Ms. Jones's constitutional rights by failing to train or supervise Defendants and upholding their actions with deliberate indifference and unreasonableness. In contrast, they violated Ms. Jones's rights.

43.    Lamar County and Cass failed to train or supervise Defendants on two of what should be the most basic skills any police deputy or sheriff deputy should be able to do. Defendants were inadequately trained and supervised as evidenced by their inability to: (1) discern when a crime, for which someone can be arrested, has occurred; and (2) how to detain a nude woman in a bathroom that poses no threat of harm.

44.    Defendants failed to employ two of the most basic skills of a deputy.

45.    Additional training or supervision by Lamar County and Cass would have prevented Ms. Jones's injuries and violation of his constitutional rights.

## ADDITIONAL FACTS

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

ADD ANY ADDITIONAL FACTS, ONLY IF YOU WANT

## VII. DAMAGES

46.    Plaintiff incorporates by reference all preceding paragraphs contained herein.

47.    The damages sustained by Plaintiff were proximately caused by Defendants as set forth herein.

48.    Plaintiff respectfully requests the Court and jury determine the amount of Plaintiff's loss in the past and will incur in the future.

49.    There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

50.    Plaintiff requests damages within the jurisdictional limits of the Court for:

a. Physical pain and mental anguish;

b. Loss of earning capacity and lost wages;

c. Out-of-pocket economic losses;

d. exemplary/punitive damages;

e. Other expenses related to the delay or denial of adequate medical care;

f.  Costs of court;

g. Pre-judgment and post-judgment interest at the highest rates allowable by law;  and

h. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

## X. JURY DEMAND

51.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and

demands a trial by jury.

## XI. PRAYER

Plaintiff respectfully prays that the Defendants be summoned to appear and answer

herein and that upon a final hearing of this cause, that judgment be entered for Plaintiff

and against Defendants for all damages requested herein, together with prejudgment and

post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of

court, and such other and further relief to which Plaintiff may possibly be entitled at law

or in equity. In addition, Plaintiff requests this Court to punish each individual Defendant

and deter others from engaging in similar misconduct.

Respectfully submitted,
Patty Jones

*Patty Jones*

3125 Clarksville St, #154
Paris, Tx 75460
(903)272-6393 (903) 784-7660